### THOMAS MFG. CO. v. SYMONDS et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1898.)

TROVER AND CONVERSION—PLEADING.

A petition stated that defendants received bicycles from plaintiff under an agreement that the title and ownership should remain in plaintiff until paid for; that, if defendants sold any of them, the proceeds should be the property of plaintiff; that the bicycles were to be paid for in 90 days, and that although 90 days had passed, they had not been paid for; that a demand had been made for possession of them, and refused by defendants; and that defendants had "wrongfully and unlawfully converted them to their own

use,"—and closed with a prayer for damages suffered by the conversion. *Held,* that the complaint was for conversion, although it failed to allege that defendants had not sold the bicycles.

Appeal from special term.

Action by the Thomas Manufacturing Company against Tracy M. Symonds and Wilson Darling. From an order denying plaintiff's application for judgment on defendants' default in answering, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. B. & L. M. Merchant, for appellant.
Babcock, Sperry & Van Cleve, for respondent Symonds.
O. F. Lane, for respondent Darling.

PARKER, P. J.    If the complaint in this action can be properly construed as one for conversion, the motion for judgment should have been granted, and the order denying it must be reversed.    That pleading, in substance, avers that the defendants received bicycles from the plaintiff under an agreement that the title to and ownership of the same should remain in the plaintiff until they were fully paid for, and that in case the defendants sold any of them the proceeds of the sale should be the absolute property of the plaintiff; that the value and price of each bicycle so received was also agreed upon at a certain amount (in the complaint stated); and that each was to be paid for within 90 days from delivery.    It was also further averred that none of the bicycles so received by the defendants had been paid for, although the 90 days had elapsed, except that certain specified ones had been returned to the plaintiff.    It was also further averred that a demand for the possession of the bicycles so received by the defendants, and not returned, had been made by the plaintiff, and refused by the defendants, and that the defendants had "wrongfully and unlawfully converted them to their own use," to the damage of the plaintiff in a certain amount, specifically stated.    The complaint closed with a prayer for judgment for the amount so specified as the damage which plaintiff had suffered by such conversion.    At the special term the court held that the complaint stated an action on contract, only, upon which no application for judgment was necessary, and therefore denied the motion.    The argument to sustain this conclusion was that under the agreement the defendants had the right to sell the bicycles; that, if they had sold them, their failure to surrender them on demand would not be a conversion; and that, therefore, the allegation that the defendants had converted the bicycles to their own use was not sustained by the facts elsewhere alleged.    It is true that the defendants were authorized to sell the bicycles, and it is also true that they might have been held liable on a promise to pay the agreed price for the same.    But nevertheless it is clear that the plaintiff's attorneys intended that the complaint should be one for a conversion merely.    It distinctly avers that the bicycles were delivered into the possession of the defendants, and nothing is therein alleged from which it can be inferred that they had been sold by them.

If, as a matter of fact, they had been sold, the defendants might have set it up as a defense to the claim that they had converted them. In that event the bicycles would not have been unlawfully detained. But upon the complaint itself no presumption arises that they were not still in the defendants' possession. The terms under which defendants received that possession required them to pay for the bicycles in 90 days after receipt of same. That payment they have neglected to make. Until paid for, each bicycle was at all times the property of the plaintiff, and there was clearly nothing in the agreement authorizing the defendants to retain them from the plaintiff after that period had expired. In my judgment the complaint avers facts from which a clear conversion appears, and the plaintiff's right to judgment should not have been denied upon the possibility that another fact existed which defendants might have set up by way of a defense.

The order should be reversed, with $10 costs and disbursements, and the motion for judgment granted. All concur.